UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
TIM KERIN,                        )
      Plaintiff                   )
                                  )
            v.                    )   C.A. No. 13-cv-30141-MAP
                                  )
TITEFLEX CORPORATION              )
t/a GASTITE,                      )
      Defendant                   )
```

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS
(Dkt. No. 18)

January 7, 2014

PONSOR, U.S.D.J.

Plaintiff owns a home in New Smyrna Beach, Florida, that uses Defendant's product, Gastite, to provide natural gas for use in an outdoor firepit. Gastite is made of corrugated stainless steel tubing ("CSST"), which Plaintiff alleges is vulnerable to puncture in the event of a nearby lightning strike. This potential vulnerability forms the basis of Plaintiff's four causes of action, alleging strict liability for design and manufacturing defects, negligence in design and failing to test the product, negligence in failure to warn, and strict liability in failure to warn.

Plaintiff concedes that the CSST used at his home has never caused him any problem. He concedes that CSST generally, and Gastite specifically, is used widely and is

approved by both governmental agencies and regulatory entities.  He alleges that occasions have occurred, though they are rare, where the CSST in other people's homes may have been "involved" in a fire following a lightning strike.

The essence of Defendant's Motion to Dismiss is that Plaintiff lacks standing under Article III of the Constitution to bring this lawsuit.  In order to demonstrate standing, Plaintiff must establish (1) that he suffered an "injury in fact," (2) that there is a causal connection between the alleged injury and Defendant's alleged conduct, and (3) that the injury will likely be redressed by the requested relief.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992).

Here, it is obvious that Plaintiff cannot clear the "injury in fact" hurdle.  A cognizable injury for Article III standing purposes must be "concrete and particularized," as well as "actual or immanent, not conjectural or speculative."  <u>Id.</u>  "A threatened future injury must be 'certainly impending' to grant Article III standing."  <u>In re Fruit Juice Prods. Mktg. & Sales Practices Litig.</u>, 831 F. Supp. 2d 507, 510 (D. Mass. 2011).

In this case, the strand of conjecture needed to support Plaintiff's causes of action is simply too attenuated.  First, a nearby lightning strike is required.

Second, the lighting strike must have the effect of causing a puncture in the CSST, with some resulting injury caused by a defect in the CSST.  The Supreme Court has "repeatedly reiterated that 'threatened injury must be <u>certainly impending</u> to constitute injury in fact' and that '[a]llegations of <u>possible</u> future injury' are not sufficient."  <u>Clapper v. Amnesty Int'l., USA</u>, 133 S. Ct. 1138, 1147 (2013) (emphasis in original).

The capriciousness of a lightning strike is the stuff of folklore.  The possibility of some negative consequences arising from this genus of caprice is so speculative that it simply cannot provide a foundation for a claim in federal court that satisfies the requirements for Article III standing.

Even were the court to find that Plaintiff's claims satisfied the fundamental requirements for Article III standing in federal court, his complaint nonetheless fails to state any valid claim under Massachusetts law.  Taking as true Plaintiff's factual allegations, though not his threadbare legal conclusions, <u>Air Sunshine, Inc. v. Carl</u>, 663 F.3d 27, 33 (1st Cir. 2011), a further fatal defect in Plaintiff's claim is the utter absence of any allegation of an applicable standard against which Plaintiff's due care could be measured.  The Supreme Judicial Court has

recognized claims for economic injury stemming from a defective product, but only where "the standard that a product allegedly fails to meet is ... one legally required by and enforced by the government."  <u>Iannacchino v. Ford Motor Co.</u>, 451 Mass. 623, 633 (2008).  Plaintiff concedes that the CSST in question does not violate any applicable regulatory standard.

    For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. No. 18) is hereby ALLOWED.  The clerk will enter judgment for Defendant.  This case may now be closed.

    It is So Ordered.

                                               /s/ Michael A. Ponsor
                                               MICHAEL A. PONSOR
                                               U. S. District Judge